UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. **'08 MJ 1470** |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Victor VELASQUEZ-Lopez,** ) | Attempted Entry After |
| ) | Deportation |
| Defendant. ) | |
| _____ ) | |

The undersigned complainant being duly sworn states:

On or about **May 11, 2008** within the Southern District of California, defendant **Victor VELASQUEZ-Lopez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **12th** DAY OF **May, 2008**.

UNITED STATES MAGISTRATE JUDGE
**CATHY ANN BENCIVENGO**

## PROBABLE CAUSE STATEMENT

On May 11, 2008 at approximately 5:35 PM, **Victor VELASQUEZ-Lopez (Defendant)** applied for admission to the United States at the San Ysidro Port of Entry via the pedestrian primary lanes. Defendant orally declared to a Customs and Border Protection (CBP) Officer that he was a United States citizen by virtue of birth in Los Angeles, California. When asked for identification, Defendant could not provide any that belonged to him. Defendant told the CBP Officer that he was on his way to his home to Los Angeles, California. The CBP Officer suspected that Defendant was making an oral false claim to United States citizenship and referred him to secondary inspection.

In secondary, a CBP Officer queried Defendant's fingerprints through the Integrated Automated Fingerprint Identification System (IAFIS) and the Automated Biometric Identification System (IDENT). The officer received a positive match, confirming Defendant's identity and linking him to FBI and Immigration Service records.

Immigration records indicate that Defendant is a citizen of Mexico without any rights or entitlements to either enter, pass through, or reside in the United States. Queries through the Central Index System (CIS) and the Deportable Alien Control System (DACS) confirm that Defendant was ordered removed from the United States by an Immigration Judge on or about September 23, 2005. Service Records also indicate that Defendant was last physically removed from the United States on May 3, 2008 through San Ysidro. Immigration records indicate the Defendant has neither applied for nor received permission from the United States Attorney General or the Secretary of Homeland Security to legally reenter the United States.

During a video-taped proceeding, Defendant was advised of his Miranda rights, stated he understood his rights and elected to answer questions without an attorney present. Defendant admitted he is a citizen and national of Mexico by birth in Tijuana, Baja California, Mexico. Defendant admitted to making an oral false claim to United States citizenship and to telling a CBP Officer that his name was Ermilio Fletes. Defendant admitted that he had recently been deported from the United States to Mexico through the San Ysidro Port of Entry. Defendant stated that he has neither applied for, nor received permission to legally reenter the United States from the United States Attorney General or the Secretary of Homeland Security. Defendant admitted he intended to travel to Los Angeles, California to continue his life.